IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00269-CMA-NYW

LISA HOWELL, and
CHRIS HOWELL,

    Plaintiffs,

v.

HARRY WATKINS,

    Defendant.

## RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on the Unopposed Motion for Stay of Proceedings (the "Motion" or "Motion to Stay") [Doc. 18, filed April 15, 2022]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 15, 2022, [Doc. 12], and the Memorandum dated April 18, 2022. [Doc. 19]. This court has reviewed the unopposed Motion, the case file, and the applicable case law. For the following reasons, it is hereby **ORDERED** that the Motion to Stay is **GRANTED**. In addition, this court respectfully **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED**, subject to reopening for good cause.

## BACKGROUND

This case arises out of the death of Mr. Simon Howell. *See generally* [Doc. 1]. On November 9, 2020, Mr. Howell and Defendant Harry Watkins ("Defendant" or "Mr. Watkins") were hunting elk in Grand County, Colorado. [*Id.* at ¶ 7]. After a targeted elk went down, Mr. Howell and Mr. Watkins separated. [*Id.* at ¶¶ 12-13]. Mr. Watkins,

observing the elk move, fired three additional rounds at the elk. [*Id.* at ¶¶ 27, 29]. Mr. Watkins then approached the elk and saw that he had fatally shot Mr. Howell. [*Id.* at ¶ 34]. Mr. Watkins was subsequently charged with criminally negligent homicide under Colo. Rev. Stat. § 18-3-105. [*Id.* at ¶ 42].

Plaintiffs Lisa Howell and Chris Howell, the parents of Mr. Howell, initiated this civil action on January 31, 2022. [*Id.* at ¶¶ 3-4]. They assert two claims against Mr. Watkins: (1) wrongful death pursuant to Colo. Rev. Stat. § 13-21-202 *et seq.*; and (2) negligence per se. [*Id.* at 6, 8]. On April 15, 2022, Mr. Watkins filed the unopposed Motion to Stay. [Doc. 18]. In the Motion, he asserts that a stay of these civil proceedings pending the underlying criminal proceedings is appropriate and necessary. [*Id.* at 2]. Specifically, Mr. Watkins maintains that participating in the civil proceedings while the parallel criminal proceedings are ongoing may substantially prejudice his Fifth Amendment constitutional rights. [*Id.*]. The court considers the propriety of a stay below.

## LEGAL STANDARD

Whether to stay proceedings is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). Although courts in this District generally disfavor stays, a stay may be appropriate under particular circumstances, such as parallel civil

and criminal proceedings. *See, e.g.*, *Hartford Life and Accident Ins. Co. v. Nickal*, No. 17-cv-02556-MSK-MJW, 2018 WL 1173150, at *1 (D. Colo. Mar. 6, 2018).

Generally, there is no constitutional requirement to stay civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009); *see also Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("When applying for a stay, a party must demonstrate a clear case of hardship or inequity.") (citations and quotation omitted). When deciding whether the interests of justice require a stay, the court must be mindful of the extent to which a party's Fifth Amendment rights are implicated; potential advantages to one party or another arising from broader civil discovery rights; and potential exposure of the criminal defense strategy to the prosecution. *See Creative Consumer Concepts*, 563 F.3d at 1080-81.

Courts in this District have considered the following factors when determining whether deferring a civil action in favor of a criminal one is appropriate: (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal case, including whether there has been an indictment; (3) the interests of, prejudices to, and burden on the plaintiff; (4) the interests of and burden on the defendant; (5) the interest of the court; and (6) the public interest. *See Nickal*, 2018 WL 1173150, at *2 (collecting cases); *Maxton v. United States*, 12-cv-00383-WYD-KMT, 2014 WL 5091972, at *4 (D. Colo. Oct. 10, 2014) (citing *AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007)).

## ANALYSIS

Mr. Watkins seeks to stay this case and all pending deadlines until the resolution of his criminal proceedings stemming from the same series of events set forth in Plaintiffs' Complaint.  Based on the below considerations, the court agrees that these civil proceedings should be suspended while Mr. Watkins's criminal case is ongoing, but respectfully recommends that this case be administratively closed, subject to reopening for good cause.

***Overlap of the Criminal and Civil Proceedings***.  As Mr. Watkins states, these civil proceedings and Mr. Watkins's criminal case "overlap completely."  *See* [Doc. 18 at 4].  Both cases arise out of the events occurring on November 9, 2020 which led to Mr. Howell's death.  *See generally* [Doc. 1; Doc. 18-1 (the criminal Complaint and Information)].  In this case, Plaintiffs allege that Mr. Watkins negligently caused Mr. Howell's death.  *See, e.g.*, [Doc. 1 at ¶¶ 50-64].  And Mr. Watkins has been charged with criminally negligent homicide under Section 18-3-105 of the Colorado Revised Statutes, which provides that "[a]ny person who causes the death of another person by conduct amounting to criminal negligence commits criminally negligent homicide."  Colo. Rev. Stat. § 18-3-105; *see also* [Doc. 18-1 at 2].  The court finds that this first factor weighs in favor of a stay.

***Status of the Criminal Case.***  A stay pending criminal proceedings is likely to be warranted "if an indictment has already been issued because (1) the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and (2) the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."  *Phillips*, 2007 WL

4

2116383, at *2 (quotations omitted); *see also Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (quoting *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)) ("The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned.").

Mr. Watkins has been criminally charged and represents that his criminal trial is set to begin on June 6, 2022. [Doc. 18 at 5]. The court thus finds that "the risk to [Mr. Watkins] of being asked to make potentially incriminating statements is high, while there is little countervailing risk that the underlying action would be postponed indefinitely." *Phillips*, 2007 WL 2116383, at *2. This factor weighs in favor of a stay. *See Brown v. Tennison*, No. 19-cv-00941-RM-SKC, 2020 WL 12371300, at *3 (D. Colo. Jan. 13, 2020) (a stay was warranted where the parallel criminal trial was set for the following month).

**Interests of, Prejudices to, and Burden on Plaintiff**.  All plaintiffs have an interest in the expeditious resolution of their cases. *Id.*  However, the court notes that Plaintiffs do not oppose Mr. Watkins's request and thus do not argue that their interests in proceeding with this civil action will be harmed if these proceedings are stayed. *See* [Doc. 18 at 1]. Accordingly, the court finds this factor neutral. *See Bd. of Cty. Comm'rs of Cty. of Adams v. Asay*, No. 11-cv-02238-PAB-KLM, 2011 WL 5976144, at *2 (D. Colo. Nov. 29, 2011) (recognizing the plaintiff's interest in the resolution of the case, but finding that this factor did not weigh against a stay where the plaintiff did not oppose a stay).

**Interests of and Burden on Defendant.** This court finds that Defendant's interests and burdens weigh in favor of a stay. Mr. Watkins has "an interest in avoiding the conflict between waiving [his] Fifth Amendment rights and, in essence, compromising [his] defense in this civil matter." *Id.*  The court notes that Mr. Watkins has not yet filed a

5

responsive pleading in this case, and requiring him to do so may run the risk of jeopardizing his Fifth Amendment rights. "Although the Supreme Court has held that it is not unconstitutional to force a defendant into this choice, . . . a court may nevertheless exercise its discretion to stay the civil case in the interests of justice." *Walsh*, 7 F. Supp. 2d at 528 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976)).

***Interests of the Court.*** The court has an interest in "keeping litigation moving to conclusion without unnecessary delay." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1241 (N.D. Okla. 2003). However, this case is still in its very early stages; Mr. Watkins has not yet responded to the Complaint and this court has not yet held a Scheduling Conference. In circumstances such as these, "the scope of discovery in this civil matter may be reduced if evidence gathered for purposes of the criminal prosecution may later be used in the civil case." *Asay*, 2011 WL 5976144, at *2. Thus, the court does not find that a stay would contravene the interests of judicial economy, and this factor weighs in favor of a stay.

***The Public Interest.*** Finally, the court recognizes that the public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *2 (D. Colo. June 22, 2011). However, the public also has an interest in the integrity of criminal proceedings. *Maloney v. Gordon*, 328 F. Supp. 2d 508, 513 (D. Del. 2004). In light of these dual interests, this factor is neutral. *See Asay*, 2011 WL 5976144, at *3 (the public interest in the efficient and just resolution of the case is neutral where the case is stayed pending parallel criminal proceedings).

***Administrative Closure***.  The court finds that the balance of the above factors weighs in favor of a suspension of this civil action pending the resolution of Mr. Watkins's criminal proceedings.  While Mr. Watkins requests a stay of this matter, the court finds it more appropriate to recommend that this case be administratively closed, subject to reopening for good cause, given the present uncertainty as to the anticipated length of the requested stay.  Indeed, Mr. Watkins does not request a stay of any certain timeframe in his Motion.  *See generally* [Doc. 18].  And while Mr. Watkins's criminal trial is scheduled for June 2022, "the duration of the stay that will be required in this case is presently unclear due to the nature of the criminal case and any associated appeals."  *Nickal*, 2018 WL 1173150, at *2.

Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time, subject to reopening for good cause, and courts in this District routinely administratively close cases pending the resolution of parallel criminal proceedings.  *See, e.g.*, *Licerio v. Parrett*, No. 20-cv-03379-LTB-GPG, 2021 WL 799512, at *1 (D. Colo. Jan. 19, 2021); *Robinson v. Gallegos*, No. 18-cv-00935-CMA-KLM, 2021 WL 5140296, at *6 (D. Colo. Nov. 4, 2021).  Indeed, administrative closure is construed as "the practical equivalent of a stay."  *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987).  Administrative closure is simply a way for the court to manage its docket by "shelv[ing] pending, but dormant, cases" without a final adjudication.  *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999).

Moreover, demonstrating good cause to reopen an administratively closed matter is not onerous; rather, "good cause to reopen a case exists where the parties wish to

7

litigate the remaining issues that have become ripe for review." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotations omitted); *see also Frederick v. Hartford Underwriters Ins. Co.*, No. 11-cv-02306-RM-KLM, 2015 WL 1499662, at *1 (D. Colo. Mar. 27, 2015) ("Here, Defendant seeks a determination of the parties' rights and claims. Thus, good cause exists to reopen the matter." (internal citations omitted)). For these reasons, this court respectfully **RECOMMENDS** that this case be administratively closed, subject to reopening for good cause shown.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) The Unopposed Motion for Stay of Proceedings [Doc. 18] is **GRANTED**; and

(2) The Scheduling Conference set for May 9, 2022 and all associated deadlines are **VACATED**, to be re-set if appropriate.

In addition, this court respectfully **RECOMMENDS** that:

(1) This case be **ADMINISTRATIVELY CLOSED** pending the conclusion of Mr. Watkins's parallel criminal proceedings, with leave to reopen for good cause shown; and

(2) The Parties be **ORDERED to FILE** a joint Status Report within 7 days of the conclusion of Mr. Watkins's June 6, 2022 criminal trial or any other significant development in the criminal trial, such as the continuance of the trial.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of

DATED:  April 19, 2022  BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).